UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **JORGE GUADARRAMA JIMENEZ,** § <br> § <br> *Petitioner*, § <br> **v.** § <br> § <br> **PAMELA BONDI**, Attorney General of the § <br> United States; **KRISTI NOEM**, Secretary of § <br> the Department of Homeland Security; § <br> **TODD M. LYONS**, Acting Director of U.S. § <br> Immigration and Customs Enforcement; § <br> **JOEL D. GARCIA**, Field Office Director of § <br> ICE ERO El Paso, **GENERAL CURTIS** § <br> **TAYLOR**, Garrison Commander, U.S. § <br> Army Garrison, Fort Bliss, § <br> *Respondents*. § | **EP-25-CV-00662-DCG** |

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner Jorge Guadarrama Jimenez ("Guadarrama Jimenez" or "Petitioner") seeks habeas relief pursuant to 28 U.S.C. § 2241.[1] The Court lacks jurisdiction and therefore **DENIES** the Petition (ECF No. 1).

**I.   Background**

For the purposes of this Order only, the Court presumes the following facts are true. Guadarrama Jimenez is a citizen of Mexico who has lived in Waukegan, Illinois, for nearly twenty years.[2] His three children are United States citizens.[3] United States Immigration and Customs Enforcement ("ICE") arrested him during a "random stop" on September 25, 2025,

---

[1] *See* Pet., ECF No. 1, at 1.

[2] *Id.* at 1–2.

[3] *Id.* at 2 (stating that "[o]ne daughter serves on active duty in the U.S. Marine Corps").

"absent a judicial warrant."[4] ICE transferred Guadarrama Jimenez to El Paso, Texas, where he was detained for an indeterminate amount of time before being removed from the United States.[5] Although Guadarrama Jimenez was scheduled for a bond hearing, he was never produced and did not receive a hearing before his deportation.[6] It is unclear when ICE removed Guadarrama Jimenez from the United States, where he was taken, and where he is currently located.

Guadarrama Jimenez challenges his deportation as unlawful and maintains that this Court has jurisdiction over his Petition.[7] He asks the Court to order a writ of habeas corpus, as well as (1) his return to the United States; (2) a bond hearing or immediate release; (3) declaratory relief; (4) his ability to file an EOIR-42B application for cancellation of removal; (5) a credible fear interview; and (6) injunctive relief preventing unlawful deportation.[8]

## II. Discussion

### A. Jurisdiction

Under 28 U.S.C. § 2241, a court can extend a writ of habeas corpus to an individual who "is in custody in violation of the Constitution or laws or treaties of the United States."[9] However, this power is not unlimited. "District courts are limited to granting habeas relief within their

---

[4] *Id.*

[5] *Id.*

[6] *Id.* at 2–3.

[7] *Id.* at 5–7 ("Petitioner's wrongful deportation does not bar this Court's jurisdiction to hear his habeas petition and grant appropriate relief.").

[8] *Id.* at 8.

[9] 28 U.S.C. § 2241(c); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

respective jurisdictions."[10] In other words, this requires "that the court issuing the writ have jurisdiction over the custodian."[11] "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States," the default rule is that "he should . . . file the petition in the district of confinement."[12]

Because this rule is merely a default, there are exceptions.[13] As is relevant here, the Supreme Court has recognized that "the district court from whose territory the petitioner had been removed"[14] can exercise jurisdiction when "a prisoner is held in an undisclosed location by an unknown custodian, [and] it is impossible to apply the immediate custodian and district of confinement rules."[15] Unless a petitioner can establish an exception to the district of confinement rule, however, that default will apply.[16]

## B.  Screening

The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") specify what the Court must do after receiving such a petition. Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, they apply also to petitions filed pursuant to

---

[10] *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (citation modified) (quoting 28 U.S.C. § 2241(a)).

[11] *See id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).

[12] *See id.* at 446 (citing *Al-Marri v. Rumsfeld*, 360 F.3D 707, 710, 712 (7th Cir. 2004).

[13] *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 35–37 (D. Mass. Apr. 4, 2025) (collecting cases).

[14] *Padilla*, 542 U.S. at 454 (Kennedy, J., concurring).

[15] *Id.* at 450 n.18 (majority opinion).

[16] *See, e.g.*, *Y.G.H. v. Trump*, 787 F. Supp. 3d 1097, 1109 (E.D. Cal. May 27, 2025) (dismissing petition where "[petitioner] failed to establish an exception to the district of confinement rule").

§ 2241.[17] In particular, Habeas Rule 4 directs that the Court "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief."[18]

Guadarrama Jimenez filed the instant Petition after ICE removed him from the United States.[19] He notes that "[f]ederal courts retain habeas jurisdiction to review unlawful executive actions even after a petitioner has been physically removed from the United States."[20] This is inapplicable in the instant case. His attorney was aware that Guadarrama Jimenez was transferred to and detained in El Paso prior to his removal, even though his precise whereabouts were murky.[21] It therefore does not appear that it was "impossible to apply the immediate custodian and district of confinement rules" prior to his removal.[22] Even if it were, the Petition does not offer ample evidence for the Court to conclude that an exception to the "district of confinement" rule applies here.

---

[17] *See* Rules Governing Section 2254 Cases ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

[18] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[19] *See generally* Pet. (filed December 12, 2025).

[20] *Id.* at 5.

[21] *See id.* at 2; *see also supra* notes 13–15 and accompanying text.

[22] *See supra* note 15 and accompanying text.

### III. Conclusion

Having reviewed Guadarrama Jimenez's Petition, the Court concludes that it does not have jurisdiction under § 2241 to grant the relief requested in this case.

The Court therefore **DENIES** Petitioner's "Petition for Writ of Habeas Corpus" (ECF No. 1) **WITHOUT PREJUDICE**.

The Clerk of Court is directed to **CLOSE** this case.

**So ORDERED and SIGNED this 19th day of December 2025.**

_____
DAVID C. GUADERRAMA
SENIOR U.S. DISTRICT JUDGE